IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LENNEL BOLDEN and<br>GERALDINE BOLDEN,<br><br>          Plaintiffs,<br><br>     v.<br><br>COMMISSIONER OF THE<br>INTERNAL REVENUE SERVICE,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil No. 07-cv-6787<br>)<br>)   Hon. William T. Hart<br>)<br>)<br>) |

<u>MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO DISMISS</u>

The United States of America submits the following memorandum in support of its Motion to Dismiss.

**Background**

On December 3, 2007, the plaintiffs filed a complaint against the Commissioner of Internal Revenue. In their complaint, they provide a narrative of alleged violations of their Constitutional rights. They claim, inter alia, that the Internal Revenue Service ("IRS") has committed embezzlement and fraud. Plaintiffs request that the Court award to them $90,500 in actual damages, $36,000 in "consequential damages," and $24,000 in for "exemplary incurred by the [p]laintiffs."

**Argument**

I.    Court Does not have Jurisdiction to Entertain Plaintiffs' Claim for Refund

The plaintiffs appear to seek a refund of internal revenue taxes allegedly collected through administrative collection procedures. However, they are precluded from seeking a

refund in this action as they have failed to allege the filing of a claim for refund. The filing of an administrative claim for refund, followed by a formal denial of such claim or the requisite six-month period of repose, is a statutory pre-requisite to maintaining a suit for refund of any allegedly overpaid internal revenue tax. *See* 26 U.S.C. §§ 7422(a), 6532(a)(1); *Bartley v. United States,* 123 F.3d 466, 468 (7th Cir. 1997) ("it is settled that unless the taxpayer has first filed a proper claim with the Internal Revenue Service, a court lacks subject matter jurisdiction over a suit for refund"). The taxpayers may, of course, file administrative claims for refund. If their claims are rejected by the Internal Revenue Service, they can return to this Court and seek judicial review of that determination.

      II.    Court does not have Jurisdiction to Award Money Damages to Plaintiffs

          A.    *Plaintiffs have not established that they have met administrative prerequisites to bring suit under 26 U.S.C. § 7433.*

The plaintiffs have not established that they have been subject to unauthorized collection activities. Even if the plaintiffs had been, however, their exclusive remedy would be pursuant to 26 U.S.C. § 7433. Section 7433, "Civil Damages for Certain Unauthorized Collection Actions," provides a civil remedy for unauthorized collection actions. That section states in part that "...such civil action shall be the exclusive remedy for recovering damages resulting from such actions." There are several limitations of the application of Section 7433, including requirement that administrative remedies be exhausted. The plaintiffs have not established that they have exhausted their administrative remedies. The Court therefore does not have jurisdiction to award money damages under Section 7433, which is the exclusive remedy for taxpayers claiming that they are entitled to civil damages for unauthorized collection actions.

          B.    *Plaintiffs may not maintain a* Bivens *action.*

In *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), the Supreme Court created a private damage remedy for violations of the Fourth Amendment, and the *Bivens* theory has been expanded to provide a remedy for violations of other provisions of the Constitution. Even if we assume for purposes of this argument that plaintiffs have properly pled a violation of such rights, they cannot proceed against the defendants on a *Bivens* theory. The United States Court of Appeals for the Seventh Circuit has limited the availability of a *Bivens* remedy in cases involving federal taxes. *Cameron v. Internal Revenue Service,* 773 F.2d 126 (7th Cir. 1985). Relying on earlier Supreme Court precedents and its own prior decisions, and foreshadowing the decision in *Schweiker v. Chilicky,* 487 U.S. 412 (1988), the Court of Appeals refused to allow a *Bivens*-type remedy in tax cases, stating (773 F.2d at 129):

> 1. Courts will not create a damage remedy for the violation of a constitutional right when Congress has created explicit remedies or when a court-created remedy would interfere with the effective functioning of the government. Both elements are present here. Congress has given taxpayers all sorts of rights against an overzealous officialdom, including, most fundamentally, the right to sue the government for a refund if forced to overpay taxes, and it would make the collection of taxes chaotic if a taxpayer could bypass the remedies provided by Congress simply by bringing a damage action against Treasury employees. It is hard enough to collect taxes as it is; additional obstructions are not needed.

Congress has created an exclusive, comprehensive administrative scheme to resolve tax-related disputes, and the provision of this statutory scheme precludes a Bivens claim in the present action. *See Vennes v. An Unknown Number of Unidentified Agents of the United States,* 26 F.3d 1448, 1453-54 (8th Cir.1994); *McMillen v. United States Dept. of Treasury,* 960 F.2d 187, 190- 91 (1st Cir.1991); *Wages v. Internal Revenue Service,* 915 F.2d 1230, 1235 (9th Cir.1990); *National Commodity and Barter Ass'n v. Gibbs,* 886 F.2d 1240, 1247-48 (10th Cir.1989); *Baddour, Inc. v. United States,* 802 F.2d 801, 807-08 (5th Cir.1986).

The United States Court of Appeals for the Seventh Circuit, following the lead of the Supreme Court in *Chilicky,* has expressly held that the courts are not free to provide a *Bivens*-type remedy just because the statutory remedies provided by Congress may be viewed by the courts as incomplete. It has stated that it will follow the Supreme Court's "admonition" not to extend the *Bivens* theory "into new arenas." *Robbins v. Bentsen,* 41 F.3d 1195, 1200 (7th Cir. 1994). The determination of appropriate remedies is, in the first instance, committed to the sound judgment of the legislature. Courts are not constituted to second-guess the legislature's determinations and they "cannot supplement statutory remedies simply because they are not as complete as a constitutional remedy might be." *Bagola v. Kindt,* 131 F.3d 632, 642 (7th Cir. 1997). Nothing asserted by the plaintiff in this matter, has previously justified, nor now warrants, the application of a *Bivens*-type remedy.

    III.    Taxpayers' Claims are Barred by the Anti-Injunction Act

To the extent the plaintiffs seeks injunctive relief, their claims are barred under the Anti-Injunction Act:

SEC. 7421.    PROHIBITION OF SUITS TO RESTRAIN ASSESSMENT OR COLLECTION.

(a) Tax --Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and(b)(1), 7429(b), and 7436[1], no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a).

---

[1] None of these sections are relevant to the instant action.

The plaintiffs demand that the Court enter an order of "Cease and Desist against the Defendants." (Docket 1, p. 16).  As the Anti-Injunction Act presents a jurisdictional bar to Plaintiffs' claims for injunctive relief, those claims are barred unless they fall into one of the specifically enumerated exceptions to the Anti-Injunction Act. None of the statutorily identified exceptions in the Anti-Injunction Act applies here.  See 26 U.S.C. § 7421(a).

Similarly, neither of the two narrow, judicially-created exceptions applies here.  The first exception, the *Williams Packing* exception, applies when the plaintiff establishes:  (1) that when the facts and law are viewed in the light most favorable to the government, it is clear that under no circumstances could the government ultimately prevail; and (2) that "equity jurisdiction otherwise exists," due to a threat of irreparable injury for which the plaintiff has no adequate legal remedy.  *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962).  Plaintiffs must establish *both* elements.  *Bob Jones Univ. v. Simon*, 416 U.S. 725, at 736-37; *Alexander v. 'Americans United', Inc.*, 416 U.S. 752, 758 (1974); *Flynn v. United States*, 786 F.2d 586 (3d Cir. 1986).

The second exception, the *South Carolina v. Regan* exception, permits a plaintiff to seek injunctive relief only if there is no other remedy available. *South Carolina v. Regan*, 465 U.S. 367 (1983).  Plaintiffs cannot establish that the government could not prevail under any circumstances.  Moreover, Plaintiffs have an adequate remedy at law:  a suit for money damages pursuant to 26 U.S.C. or § 7433.  Thus, there is no equity jurisdiction to grant injunctive relief.

IV.     Note Regarding Individually Named Defendants

It appears that the caption of the complaint was amended by hand to cross out the line that reads "et al., Defendants." The Caption now reads "Lennel Bolden/Geraldine Bolden/Plaintiffs v. Commissioner of the Internal Revenue/Denise Bradley." It is unclear from the caption whether the plaintiffs intended to remove all of the individual defendants from its suit, or whether they intended to remove all defendants except Denise Bradley. Paragraph 3 of the complaint identifies several individuals as co-defendants. Those individuals are Denise Bradley, C. Sherwood, Tamela Martin, and Gloria B. Djuraskovic. However, summonses have not been issued as to these defendants; it appears that they have not been served.

The complaint was filed on December 3, 2007. Pursuant to Fed. R. Civ. P. 4(m), plaintiffs must effect service upon defendants within 120 days following the filing of a complaint. If service is not effected as against a defendant within 120 days, the court must dismiss the action without prejudice against that defendant. As more than 120 days have elapsed since the filing of the complaint, the individually named defendants should be dismissed from this action.

## Conclusion

This action must be dismissed for the plaintiffs' failure to establish that this Court has jurisdiction to entertain the claims presented in the plaintiffs' complaint. The Anti-Injunction Act, as well as plaintiffs' failure to meet the requirements that the plaintiffs exhaust administrative remedies before pursuing civil damages of refund of allegedly overpaid taxes, preclude this Court from granting the plaintiffs the relief they seek in this matter. Further, the plaintiffs may not maintain a *Bivens* action.

Thus, the Court should dismiss the plaintiffs' action without prejudice, as requested by the United States in its Motion to Dismiss.

        Respectfully Submitted,
        PATRICK J. FITZGERALD
        United States Attorney

        */s/ Pamela Grewal*
        PAMELA GREWAL
        Trial Attorney, Tax Division
        United States Department of Justice
        P.O. Box 55, Ben Franklin Station
        Washington, DC 20044-0055
        Phone: (202) 307-6403
        Fax: (202) 514-5238
        E-Mail: pamela.grewal@usdoj.gov