```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

LENNEL BOLDEN and )
GERALDINE BOLDEN, )
)
)
Plaintiffs, )
)
v. ) No. 07 C 6787
)
COMMISSIONER OF THE )
INTERNAL REVENUE, )
)
Defendant. )

## OPINION AND ORDER

Plaintiffs Lennel and Geraldine Bolden, husband and wife, allege that defendant Commissioner of the Internal Revenue Service ("IRS") has been withholding refunds and subjecting them to liens and levies, including on their social security benefits, even though there is no legitimate basis for contending that plaintiffs owe any taxes. The purported unpaid taxes, interest, and penalty go as far back as the Boldens' 1994 income tax return. The inartfully pleaded pro se Complaint makes reference to plaintiffs being entitled to a refund of the withheld and levied tax payments and constitutional violations having occurred. Plaintiffs also seek an order requiring that IRS cease

and desist from further attempts to collect the purportedly unpaid taxes, penalties, and interest. Additionally the title of the Complaint names one individual IRS employee and the body of the Complaint makes reference to holding IRS employees responsible. However, no individual has been served with a summons in this case. Defendant IRS moves to dismiss on jurisdictional grounds.

To the extent plaintiffs are bringing claims against any individual IRS employees, those claims will be dismissed without prejudice for failure to serve any such defendant with process. See Fed. R. Civ. P. 4(m). Alternatively, even if those defendants had been properly served with process, a Bivens claim, see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), against IRS employees is not cognizable. Cameron v. IRS, 773 F.2d 126, 129 (7th Cir. 1985); Hudson Valley Black Press v. IRS, 409 F.3d 106, 113 (2d Cir. 2005); Adams v. Johnson, 355 F.3d 1179, 1184-85 (9th Cir. 2004); Judicial Watch, Inc. v. Rossotti, 317 F.3d 401, 412 (4th Cir. 2003); Godbout v. Parizek, 2004 WL 3021393 *4-5 (N.D. Ill. Dec. 29, 2004). Under statutory provisions, such claims for misconduct by an IRS employee must be brought against the United States. See 26 U.S.C. §§ 7432(a), 7433(a); Hudson Valley,

409 F.3d at 112; Rae v. United States, 530 F. Supp. 2d 127, 129 (D.D.C. 2008).

Plaintiffs seek the refund of tax payments they have made. Claims for refunds of taxes may be brought in this court. However, in order to have jurisdiction over such claims, plaintiffs must first file a claim for refund with the IRS and wait either six months or for a decision by the IRS. 26 U.S.C. §§ 6532(a)(1); 7422(a). Since plaintiffs did not file a claim for refund, this court lacks jurisdiction over plaintiffs' refund claim. Nick's Cigarette City, Inc. v. United States, 531 F.3d 516, 520-21 (7th Cir. 2008); Bartley v. United States, 123 F.3d 466, 468 (7th Cir. 1997); Ruggiero v. United States, 242 F.R.D. 437, 440-41 (N.D. Ill. 2007); Boehler v. Snow, 2006 WL 1582452 *3 (C.D. Ill. June 6, 2006). The claim for refund will be dismissed without prejudice for lack of subject matter jurisdiction.

Based on alleged misconduct of an IRS employee, a taxpayer may bring a damages suit against the United States. 26 U.S.C. §§ 7432(a), 7433. However, a jurisdictional requirement for bringing such a lawsuit is that the taxpayer first exhaust administrative remedies. 26 U.S.C. §§ 7432(d)(1), 7433(d)(1); Fishburn v. Brown, 125 F.3d 979, 982 (6th Cir. 1997); Porter v. Fox, 99 F.3d 271, 274 (8th Cir. 1996); Kovacs v. United

States, 391 B.R. 820, 824-25 (E.D. Wis. 2008); Wos v. IRS, 2007 WL 4246874 *4 (N.D. Ill. Nov. 30, 2007), aff'd sub nom. by unpublished order, Wos v. United States, 2008 WL 2884500 (7th Cir. July 28, 2008); Veglia v. United States, 1996 WL 392159 *1-2 (N.D. Ill. July 11, 1996). Since plaintiffs do not allege that they exhausted their administrative remedies, their claim for damages will be dismissed without prejudice for lack of subject matter jurisdiction.

Plaintiffs also request a cease and desist order, which is injunctive relief. This court does not have jurisdiction to enjoin the collection of taxes. 26 U.S.C. § 7421; Wos, 2007 WL 4246874 at *2; Ruggerio, 242 F.R.D. at 441.

For the foregoing reasons, this court lacks jurisdiction over plaintiffs' claims. Plaintiffs' cause of action will be dismissed without prejudice.

IT IS THEREFORE ORDERED that defendant's motion to dismiss [10] is granted. Any claims against individual defendants are dismissed without prejudice for failure to serve with process. The Clerk of the Court is directed to enter judgment in favor of defendant Commissioner of Internal Revenue Service and against plaintiffs dismissing plaintiffs' cause of action without prejudice for lack of subject matter jurisdiction.

If plaintiffs wish to appeal this order, they must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within sixty (60) days of the entry of the judgment in this case.

ENTER:

*[signature: William T. Hart]*
UNITED STATES DISTRICT JUDGE

DATED: OCTOBER 10, 2008